### KAFKA v. WARDWELL.

(Supreme Court, Appellate Term. November 24, 1908.)

1. BILLS AND NOTES (§ 480*)—DEFENSES—PLEADING.

A denial of a transfer before maturity and an ownership of the notes sued on was nullified by defendant's admitting, by not denying, plaintiff's specific allegation that no part of the notes had been paid, and that there was due and owing by defendant to plaintiff $500, with interest.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1526, 1527; Dec. Dig. § 480.*]

2. PLEADING (§ 349*)—JUDGMENT ON PLEADINGS—DEFENSES—PAYMENT.

Where defendant admitted, by not denying, that he owed plaintiff $500 on the notes sued on, plaintiff was entitled to a judgment on the pleadings, notwithstanding defendant's allegation that he had fully paid and discharged the obligation contained in the notes which was involved with allegations showing that such result was claimed because of a failure to perform a transaction inter alios acta.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. § 349.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac R. Kafka against Richard P. Wardwell. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Joab H. Banton, for appellant.

Barnett E. Koppelman, for respondent.

MacLEAN, J. Setting forth two promissory notes upon which he brought action, the plaintiff alleged indorsements by the payee and by the defendant, and delivery before maturity to himself for value, and that he became and now is the lawful owner and holder; that the notes were duly protested and due and timely notice given to the defendant; that, by reason of such indorsement by the defendant, the defendant became and now is liable to the plaintiff for the amount of said notes; that no part has been paid; and that there is now due and owing by the defendant to the plaintiff the sum of $500, the amount of the two notes, with interest. The defendant answered, admitting indorsement, but denying on information and belief transfer before maturity, and that plaintiff became and is owner and holder for value, denying also on information and belief that, by reason of such indorsement by himself, the defendant became and now is liable to the plaintiff herein for the amount of said notes. While denial of transfer before maturity and of ownership may have raised an issue thereon, the denial was nullified by admitting (by not denying) the specific allegation that no parts of the notes had been paid, and that there is now due and owing by the defendant to the plaintiff the sum of $500, with interest. In view of such admissions, the judgment rendered in favor of the plaintiff upon motion upon the pleadings was proper, and the counterclaim interposed was not a cross-claim. The appellant is not helped out of his situation by what his counsel calls a plea of payment, because his allegation "that he has fully paid and discharged the obligation in said notes contained" is involved with allegations showing that that result is claimed by reason of a failure of performance in a transaction inter alios acta.

Judgment affirmed, with costs to the respondent. All concur.